UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STACY PATRICK formerly known as COMPTON; Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:14-cv-00544-TWP-TAB |
| vs. | ) ) | |
| WORLDWIDE ASSET PURCHASING II, LLC a Nevada limited liability company, QUANTUM3 GROUP, LLC a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**

Pending before the Court is a Fair Debt Collection Practices Act case similar to a recent number of lawsuits filed in this Court. Like these other cases, Plaintiff Stacey Patrick filed an FDCPA claim and a motion to certify class for a time-barred proof of claim in a bankruptcy proceeding. In the same way, Defendants Worldwide Asset Purchasing II LLC and Quantum3 Group LLC filed a motion to dismiss for failure to state an FDCPA claim upon which relief can be granted. For the reasons set forth below, the undersigned recommends the motion to dismiss [Filing No. 25] be denied.

Defendants argue that Patrick's case should be dismissed because filing a proof of claim in a consumer bankruptcy case is not an attempt to collect a debt in violation of FDCPA. To support this assertion, Defendants cite to cases holding that time-barred proof of claims are not actionable under FDCPA unless they contain a false statement or misrepresentation. *See* Order, *Robinson v. eCast Settlement Corp.,* No. 14-cv-8277 (N.D. Ill. Feb. 3, 2015); *Lagrone v. LVNV*

1

*Funding LLC,* Adv. No. 14-A-00578, 2015 WL 273373 (Bankr. N.D. Ill. Jan. 21, 2015).

Moreover, an FDCPA creditor participating in the bankruptcy process cannot comply with both the Bankruptcy Code and FDCPA. Patrick responds with case law that establishes a time-barred proof of claim as the basis for an FDCPA cause of action. *Phillips v. Asset Acceptance,* 736 F.3d 1076, 1079 (7th Cir. 2013); *see Randolph v. IMBS, Inc.,* 368 F3d 726 (7th Cir. 2004). Indeed, this Court has denied motions to dismiss in similar cases on the principle that a time-barred proof of claim in Bankruptcy Court is misleading and therefore actionable under the FDCPA.

The facts in the present case are nearly identical to those in *Grandidier v. Quantum3 Group LLC,* No. 1:14-cv-00138-RLY-TAB, 2014 WL 6908482 (S.D Ind. Dec. 8, 2014).[1] Here, Patrick stopped paying a credit card account with Columbus Bank & Trust in 2006. At some point, this delinquent credit card debt was transferred or sold to Worldwide Asset. In 2013, Patrick filed for Chapter 13 bankruptcy. Quantum3 filed a proof of claim for Worldwide Asset against Patrick asserting she had an outstanding balance of $1,736.70 on the CB&T account. The date of last activity on that account was September 19, 2006. Indiana's statute of limitations for collecting delinquent credit card debts is six years from the date of last activity. Patrick's bankruptcy counsel objected to the time-barred proof of claim. The Bankruptcy Court sustained the objection and disallowed the claim. Patrick then brought this FDCPA lawsuit. [Filing No. 36, at ECF p. 2-3.]

In *Grandidier,* Chief Judge Richard Young found that a debtor who defaulted on a credit card obligation that was later assigned to a creditor could bring an FDCPA claim against the

---

[1] Plaintiff's factual allegations are also almost identical to the facts asserted in *Patrick v. PYOD, LLC*, No. 1:14-cv-00539-RLY-TAB, 2014 WL 4100414 (S.D. Ind. Jan. 9, 2015); *Smith v. Asset Acceptance, LLC*, 510 B.R. 225 (S.D. Ind. 2013); and *Elliot v. Cavalry Investments, LLC*, No. 1:14-cv-01066-JMS-TAB, 2015 WL 133745 (S.D. Ind. Jan. 9, 2015).

creditor for filing a time-barred proof of claim in the debtor's Chapter 13 bankruptcy proceeding. *See* Grandidier, 2014 WL 6908482. Citing to *Randolph v. IMBS, Inc.,* 368 F.3d 726, 732-33 (7th Cir. 2004), *Grandidier* concluded that the overlap between the Bankruptcy Code and FDCPA did not preclude the application of either statute. A creditor may choose whether to file a proof of claim under the Bankruptcy Code. Likewise, a creditor may choose to use accurate and fair means to collect upon a debt under FDCPA. Because a creditor filing a proof of claim under the Bankruptcy Code can also comply with FDCPA, the Court could enforce both the Bankruptcy Code and FDCPA. *Grandidier,* 2014 WL 6908482, at *2. Thus, the undersigned agrees with *Grandidier*'s conclusion that the Bankruptcy Code does not preclude Patrick's FDCPA cause of action.

Like *Grandidier*, the undersigned also finds that a proof of claim is an attempt to collect a debt, and thus is subject to FDCPA. Relying on *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254 (11th Cir. 2014), Judge Young found that filing a time-barred proof of claim is an indirect means of collecting a debt that a creditor could not otherwise collect through other legal means. By filing the proof of claim, "the creditor creates the misleading impression to the debtor that the debt collector can legally enforce the debt. The least sophisticated consumer would be unaware that such a claim is time-barred and unenforceable" and thus, potentially an FDCPA violation. *Grandidier,* 2014 WL 6908482, at *3; *Crawford,* 758 F.3d at 1261. Under *Grandidier,* Patrick's FDCPA claim survives a motion to dismiss.[2]

---

[2] Judge Young also denied a motion to dismiss for the same reasons in *Patrick v. PYOD, LLC,* No. 1:14-cv-00539-RLY-TAB, 2014 WL 4100414 (S.D. Ind. Jan. 9, 2015). Likewise, Judge William Lawrence denied a motion to dismiss in a similar FDCPA case, finding the plaintiff stated a claim upon which relief could be granted because the Bankruptcy Code and the FDCPA were not mutually exclusive. *Smith v. Asset Acceptance, LLC*, 510 B.R. 225 (S.D. Ind. 2013). Judge Jane Magnus-Stinson also denied a motion to dismiss in a nearly identical case, finding that the plaintiff stated a claim upon which relief could be granted, but expressing concern as to

At a February 4 telephonic conference, Defendants argued the case at hand is distinguishable from *Grandidier*. In *Grandidier*, plaintiff asserted an FDCPA claim resulting from false and misleading statements contained in defendant's proof of claim. Patrick's FDCPA claim, on the other hand, merely alleges that Defendants violated FDCPA by impermissibly filing a proof of claim after the statute of limitations. This difference is insufficient to carry the day for Defendants' motion to dismiss. Impermissibly filing a time-barred proof of claim can create a misleading impression to the debtor that the debt collector can legally enforce the debt. The same is true of a proof of claim containing a false statement. Either claim would be considered an indirect means of collecting a debt that otherwise would be unenforceable. Thus, Patrick has stated a claim upon which relief can be granted under FDCPA and the undersigned recommends the motion to dismiss be denied.

Patrick also filed a motion to certify class, which has been referred to the undersigned and which remains under advisement. At the February 4 conference, the parties discussed the motion to certify class and were making efforts to develop the class size for the purpose of completing briefing on that motion. The Magistrate Judge recommends that within fourteen days of the District Judge's final entry on this report and recommendation the parties submit an amended Case Management Plan setting forth updated deadlines to complete briefing on the motion to certify class.

---

the strength of the FDCPA claim given that the plaintiff was represented by counsel in the Chapter 13 bankruptcy proceeding and there was no Seventh Circuit case directly on point. *Elliot v. Cavalry Investments, LLC*, No. 1:14-cv-01066-JMS-TAB, 2015 WL 133745 (S.D. Ind. Jan. 9, 2015). While there may be questions as to whether Patrick's FDCPA claim will ultimately succeed, there is no question that Patrick's factual allegations raise a right to relief above the speculative level. *Pisciotta v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555) (2007)).

For the reasons stated above, the Magistrate Judge recommends that: (1) the motion to dismiss [Filing No. 23] be denied; and (2) the parties file an amended CMP within fourteen days of the District Judge's final entry on this report and recommendation. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

Date: 2/13/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

John Thomas Steinkamp
JOHN T. STEINKAMP AND ASSOCIATES
steinkamplaw@yahoo.com

Karen Lynn Lobring
LOBRING & ASSOCIATES LLP
lobring@msn.com

Angie K. Robertson
PHILIPPS AND PHLIPPS, LTD.
angiekrobertson@aol.com

David J. Philipps
PHILIPPS AND PHLIPPS, LTD.
davephilipps@aol.com

Mary E. Philipps
PHILIPPS AND PHLIPPS, LTD.
mephilipps@aol.com